**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

UNITED STATES OF AMERICA

v.

NICHOLAS CAPEHART,

Defendant.

Case No. 2:24-cr-95

**OPINION & ORDER**

Defendant Nicholas Capehart filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). ECF No. 36. Because he fails to demonstrate extraordinary and compelling reasons to justify a change in his sentence, the motion will be denied.

**I.    BACKGROUND**

The defendant pleaded guilty to conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), 846, and 18 U.S.C. § 2. ECF No. 10. The Court sentenced him to 24 months of imprisonment on each count, to be served concurrently. ECF No. 23.

The defendant filed a motion for a sentence reduction, followed by two supporting addenda. ECF Nos. 36, 38, 43. The government opposes the motion, claiming the defendant failed to present a factual basis for any of his claims. ECF No. 48. The defendant filed a reply in support of his motion, providing more factual support for only one of his claims. ECF No. 49.

## II.    LEGAL STANDARDS

### A.    Exhaustion

Before the court may consider a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), the defendant must exhaust their administrative rights to appeal the Bureau of Prisons's failure to bring a motion on the defendant's behalf. 18 U.S.C. § 3582(c)(1)(A). Alternatively, once 30 days have passed after the defendant requested relief from the warden of their facility, the defendant may file a motion with the court as though they had exhausted their administrative remedies. *Id.*; *see United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) (clarifying that defendants may satisfy the exhaustion requirement by waiting 30 days from the date of their initial request to file a motion in the district court, even if the warden has already responded to their request). The exhaustion requirement "is a non-jurisdictional claim-processing rule" and therefore "may be waived or forfeited." *Muhammad*, 16 F.4th. at 130.

### B.    Merits

A court may modify a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) if, after considering the sentencing factors in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). The overarching purpose of the compassionate release mechanism guides district courts' consideration:

> When Congress authorized district courts, as a matter of discretion, to release an inmate from prison based on extraordinary and compelling reasons, it did so to introduce compassion as a factor in assessing ongoing

2

> terms of imprisonment, authorizing a district court to give greater weight to an inmate's personal circumstances — when sufficiently extraordinary and compelling — than to society's interests in the defendant's continued incarceration and the finality of judgments. Thus, motions for relief under § 3582(c)(1)(A)(i) ask courts to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other.

*Id.* at 197. Courts in this district have generally considered the defendant's arguments regarding extraordinary and compelling reasons for sentence reduction first, then balanced the outcome of that analysis against the sentencing factors in section 3553(a). *E.g.*, *United States v. Ogun*, 657 F. Supp. 3d 798, 807–08 (E.D. Va. 2023); *United States v. Nurani*, No. 2:11-cr-34-3, 2023 WL 2058649, at *3–8 (E.D. Va. Feb. 16, 2023).

### i.    *Extraordinary & Compelling Reasons*

The Court may reduce a prisoner's sentence under § 3582(c)(1)(A)(i) if it finds "extraordinary and compelling reasons" to do so. The prisoner bears the burden of demonstrating such reasons. *See Hargrove*, 30 F.4th at 195.

The Sentencing Commission has promulgated a policy statement, U.S.S.G. § 1B1.13, which attempts to define what may constitute "extraordinary and compelling reasons." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020). The policy statement provides a non-exhaustive list of extraordinary and compelling reasons for reducing a sentence:

> (1)    the medical circumstances of the defendant, U.S.S.G. § 1B1.13(b)(1);
>
> (2)    the age of the defendant, U.S.S.G. § 1B1.13(b)(2);

(3)     family circumstances of the defendant, U.S.S.G. § 1B1.13(b)(3);

(4)     whether the defendant was a victim of abuse while incarcerated, U.S.S.G. § 1B1.13(b)(4);

(5)     "other reasons," U.S.S.G. § 1B1.13(b)(5); or

(6)     an unusually long sentence, if the defendant meets certain conditions, U.S.S.G. § 1B1.13(b)(6).

The Sentencing Commission's policy statement provides that extraordinary and compelling reasons exist in several circumstances related to the defendant's physical health, including where:

> The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(C).

The policy statement provides that an unusually long sentence may constitute an extraordinary and compelling reason for a reduction when a change in the law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed," provided that the defendant "has served at least 10 years of the term of imprisonment." U.S.S.G § 1B1.13(b)(6).

The incapacitation of a defendant's parent constitutes an extraordinary and compelling reason "when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

### ii.     18 U.S.C. § 3553(a) Factors

After completing the "extraordinary and compelling reasons" analysis, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

4

*United States v. Mumford*, 544 F. Supp. 3d 615, 617–20 (E.D. Va. June 21, 2021). Even if the Court finds extraordinary and compelling reasons to reduce a petitioner's sentence, it may ultimately deny a motion for compassionate release if its analysis of the § 3553(a) factors counsels against release. *Id.* Those factors are:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed—

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established [by the Sentencing Commission];

(5)    any pertinent policy statement [issued by the Sentencing Commission] [that is in effect on the date the defendant is sentenced except as provided in section 3742(g)];

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## III.   ANALYSIS

### A.   Exhaustion

The defendant states that he "attempted to access the [a]dministrative [r]emedy [p]rocess through the institution in which he is currently held" but that BOP personnel "refused to accept his request" that they file a motion on his behalf. ECF No. 36 ¶¶ 20–21. Specifically, the defendant asserts that he submitted a request to BOP on November 7, 2025, but withdrew it six days later when a group of correctional officers "pressured" him to do so. *Id.* ¶¶ 25–26; *see id.* at 13 (withdrawal notice). The government does not dispute that BOP pressured the defendant to withdraw his submission. *See* ECF No. 48 at 2. Therefore, the Court finds that BOP constructively denied the defendant's November 7, 2025 request, on November 13, 2025. Since more than 30 days passed between that denial and the filing of this motion with the Court, the defendant satisfied the administrative exhaustion requirement. *See* ECF No. 36 (filed December 19, 2025).

### B.   Merits

#### i.   *Extraordinary & Compelling Reasons*

##### a.   *Mental Health*

The defendant developed post-traumatic stress disorder after he witnessed a mass casualty event at Fort Hood in 2014. ECF No. 49 ¶ 4. Before he was incarcerated, the defendant received treatment through the Department of Veteran Affairs that helped him reach "a meaningful level of stability." *Id.* ¶ 7. But now that

he is in prison, the defendant's mental health has "significantly deteriorated." *Id.* ¶ 8. He is in a "constant state of psychological distress," characterized by "increasing depression, anxiety, and hypervigilance" as well as "frequent panic attacks" brought on by the conditions he faces in prison. *Id.* ¶¶ 9–13.

Since the defendant filed his motion, he has been placed in pre-release custody.[1] The Court hopes that living in a residential reentry facility has contributed to an improvement in the defendant's mental health, but it is mindful that the difficulties the defendant describes will not disappear entirely in this new setting.

However, the Court considered the defendant's history and mental health care needs—including his PTSD—at the time it announced his original sentence. *See* ECF No. 42 at 38:6–11; *see also* ECF No. 21 ¶¶ 42–54. Because the defendant does not put forward significant new information on this topic, he fails to establish that his mental health presents an extraordinary and compelling reason to adjust the sentence now.

### b.   *Family Circumstances*

The defendant alleges that his grandmother has entered hospice and that "[n]obody else in [the defendant's] family is able to care for her." ECF No. 36 ¶¶ 37–38. The government pointed out that the defendant does not explain why his two siblings who live in this district cannot provide the care his grandmother needs, but the defendant did not respond with additional information on this point. ECF No. 48 at 2; *see* ECF No. 49 (adding new information about his mental health only). Without

---

[1] Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 25, 2026).

any detail to support the claim that the defendant is the only person capable of caring for his grandmother, the Court cannot find that this constitutes an extraordinary and compelling reason to reduce the defendant's sentence.

c.      *Policy Changes*

The defendant cites two policy changes that occurred after he was sentenced: (1) BOP guidance encouraging facilities to prioritize referring incarcerated individuals for pre-release custody, ECF No. 36 ¶¶ 41–45 (referencing a June 18, 2025 memorandum); and (2) an executive order directing the Attorney General and the Drug Enforcement Administration to expedite reclassifying marijuana from Schedule I to Schedule III, ECF No. 38 (referencing Ex. Order No. 14370, 90 Fed. Reg. 60541 (Dec. 18, 2025)). Neither constitutes a change in the law or an extraordinary and compelling 'other reason' for relief.

To begin, both of the sources the defendant relies on are statements of executive policy, not laws passed by Congress or regulations adopted by an executive agency like the Federal Sentencing Commission. Therefore, they are not changes in the law within the meaning of U.S.S.G. § 1B1.13(6). And while the defendant is correct that the Court is free to consider policy developments that occur after sentencing, neither of the changes he cites constitute extraordinary and compelling reasons for a sentence reduction in this case.

Since the defendant has already been placed in a residential reentry facility, the Court need not address the BOP guidance regarding pre-release custody in detail.

8

The defendant's arguments regarding marijuana policy are not persuasive because the Court already considered the development of social views surrounding marijuana, when it issued the original sentence. *See* ECF No. 42 at 34:20–35:2. Because the policy perspective the defendant highlights is not new, it does not justify a reduction in the sentence issued less than two years ago.[2]

### d.     *First Step Act Credits*

Finally, the defendant posits that BOP violated the Constitution by refusing to apply his First Step Act credits toward pre-release custody as required. *See* ECF No. 36 ¶¶ 47–53. Assuming without deciding that BOP violating the constitutional rights of an incarcerated individual could, in some circumstances, constitute an extraordinary and compelling reason for a sentence reduction, the allegations here are insufficient.

First, a violation of the FSA is not a *constitutional* violation. (The FSA is a statute.) Second, FSA credits do not automatically entitle an individual to referral for pre-release custody; placement remains a matter for the institution's discretion. *See* 18 U.S.C. § 3624(g)(1)(D)(i)(II) (institution must approve transfer to pre-release custody); 18 U.S.C. § 3621(b) (giving BOP sole authority to determine the placement of incarcerated individuals). And finally, because the defendant has now been placed

---

[2] Additionally, as the Court noted at sentencing, the defendant did not merely possess marijuana for a medical purpose or even for personal recreational use: He trafficked 30 to 40 pounds per month. ECF No. 41 at 34:18–35:2. That takes the circumstances of this case largely outside the reach of the executive order and shifting social mores. *See also id.* at 27:15–18 (counsel asserting the defendant himself was not "taking an approach of, oh, it's just marijuana and we live in different times").

9

in a residential reentry facility, the Court finds that any delay in that placement does not constitute an extraordinary and compelling reason to reduce his overall sentence.

### ii.   18 U.S.C. § 3553(a) Factors

Even if the defendant had demonstrated extraordinary and compelling reasons for relief, the factors enumerated in 18 U.S.C. § 3553(a) do not support reducing his sentence. The Court already reviewed these factors in detail at the sentencing hearing, so it will only address what the defendant claims has changed.

The defendant contends that his "current physical and mental condition forecloses a probability of dangerous recidivism." ECF No. 36 ¶ 58. The Court is not sure what "physical [] condition" the defendant is referring to, but it notes that he is only 32 years old and appears to be in good physical health, like he was less than two years ago. *See* ECF No. 46 at 1–68 (medical records). And while the Court does not seek to minimize the PTSD symptoms the defendant has described, it is not persuaded that those symptoms change the landscape here, since the Court was aware of the defendant's mental health needs at the time of sentencing.

It is true that the defendant "demonstrated exemplary behavior" during his time in prison and that he has participated in some minimal educational programming. ECF No. 36 ¶ 60; *see* ECF No. 46 at 69–70. But that is what the Court expects of all incarcerated individuals, and it does not shift the balance of the sentencing factors.

Because the defendant does not present facts that change the Court's analysis under § 3553(a), his sentence remains "sufficient, but not greater than necessary," and the sentencing factors counsel against granting relief. 18 U.S.C. § 3553(a).

## IV.   CONCLUSION

The Court finds that Defendant Nicholas Capehart has not met his burden to show extraordinary and compelling reasons for a reduction in his sentence and that the sentencing guidelines under 18 U.S.C. § 3553(a) weigh against granting relief.

Accordingly, the motion for a sentence reduction (ECF No. 36) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to the defendant.

**IT IS SO ORDERED.**

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
June 26, 2026

11